IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH W. BUECHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-cv-132-JPG-CJP |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**Gilbert, District Judge:**

Before the Court is the defendant United States of America's motion to dismiss the complaint in its entirety (Doc. 12). The defendant argues that plaintiff Joseph W. Buechel, who is proceeding *pro se*, has failed to file a physician's certificate of merit, as required by 735 ILCS 5/2-622 for all medical malpractice cases (Doc. 13). In response, plaintiff asks that he be allowed to amend his pleadings in order to comply with the statutory requirement (Doc. 15). Plaintiff cites his *pro se* status, ignorance of the law, prison transfers and the perceived impossibility of a prisoner's, such as himself, securing the required certificate. He also argues that certificate of merit requirement contained in 735 ILCS 5/2-622 is unconstitutional because an Illinois Circuit Court in Cook County has declared Public Act 94-677 unconstitutional in its entirety. *See Lebron v. Gottlieb Mem. Hosp.*, No.2006 L 12109, 2007 WL 3390918 (Ill. Cir. Ct. Nov. 13, 2007).

Illinois law requires that a plaintiff filing a medical negligence/malpractice case file with his complaint an affidavit from his attorney and a medical report from a health professional. 735 ILCS 5/2-622(a). The following pertinent part of Section 2-622 explicitly states what must be included in those documents:

> (a) In any action . . . in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney . . . shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
>
>> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. If the affidavit is filed as to a defendant who is . . . a podiatrist . . ., the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. . . . [T]he affidavit must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit. The report shall include the name and the address of the health professional.

735 ILCS 5/2-622(a). The purpose of this requirement is to reduce the number of frivolous malpractice suits. *Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992).

As a preliminary matter, the Court is unwilling to find the requirements of 735 ILCS 5/2-622(a) unconstitutional. The Court is aware that an Illinois Circuit Court in Cook County has declared Public Act 94-677 unconstitutional in its entirety. *See Lebron v. Gottlieb Mem. Hosp.*, No.2006 L 12109, 2007 WL 3390918 (Ill. Cir. Ct. Nov. 13, 2007). While Illinois Supreme Court cases are binding on this Court and Illinois Appellate Court cases are persuasive to this Court, *see Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002), this Court does not give

2

substantial weight to Illinois Circuit Court cases and is therefore not persuaded by *Lebron* that § 2-622 is unconstitutional.

In applying the requirements of 735 ILCS 5/2-622(a), Illinois courts have announced that medical malpractice plaintiffs should be afforded every reasonable opportunity to establish their cases. *Id.* (citing *Hansbrough v. Kosyak*, 490 N.E.2d 181, 188 (Ill. App. Ct. 1986)). Accordingly, Illinois trial courts have the discretion to permit amendments to the pleadings to bring a complaint into compliance with Section 2-622 and are encouraged to do so liberally so that cases can be decided on the merits. *Id.* Similarly, federal courts should freely grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a). In *Sherrod v. Lingle,* 223 F.3d 605 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit noted that while failure to abide by Section 2-622 requires dismissal of the complaint, courts have discretion to dismiss with or without leave to amend the complaint. *Id*. at 613.

A review of the complaint and the Court's threshold order reveals that plaintiff asserts two claims: (1) negligence relative to the sterilization and hygiene practices in the prison laundry, causing plaintiff to contract a staphyloccus infection (Count 1); and (2) medical negligence/malpractice in diagnosing and treating plaintiff's infection (Count 2). (*See* Docs. 1 & 6). Section 2-622 is only applicable to the medical claim. No physician's certificate of merit is attached to the complaint. Therefore, the medical negligence/malpractice claim must be dismissed.

In appreciation of the difficulties cited by plaintiff, and in light of Magistrate Judge Proud's recent order denying appointment of counsel but leaving the door open to a further request in light of the physician certification requirement, dismissal of the medical claim will be

without prejudice, and plaintiff will be accorded additional time within which to amend his complaint and produce the required physician's certificate of merit.  This ruling is without consideration of possible statute of limitations issues.

For this reason, the Court **GRANTS in part** and **DENIES in part** the defendant United States of America's motion to dismiss (Doc. 12).  The motion is **GRANTED** to the extent it seeks to dismiss Count 2, the medical negligence/malpractice claim, and the Court **DISMISSES** Count 2 **without prejudice**.  The motion is **DENIED** to the extent it seeks to dismiss Count 1, the non-medical negligence claim.  The Court further **ORDERS** that the plaintiff shall have 90 days from the date of this order to file an amended complaint adequately pleading Count 2, his medical negligence/malpractice claim.  If the plaintiff fails to amend his pleading to adequately plead Count 2, the Court will dismiss Count 2 with prejudice.

**IT IS SO ORDERED.**
**DATED:  July 21, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U. S. DISTRICT JUDGE**
