IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH W. BUECHEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 08-cv-132-JPG-CJP |
| ) | Appeal No. 09-2945 |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. On July 16, 2009, Magistrate Judge Clifford J. Proud denied plaintiff Joseph W. Buechel's motion for appointment of counsel (Doc. 29). On July 31, 2009, Buechel filed a document entitled "Motion of appeal" under heading of the United States District Court for the Southern District of Illinois (Doc. 34). Nowhere does the filing indicate Buechel wishes to appeal to the United States Court of Appeals for the Seventh Circuit. Nevertheless, the filing was docketed as a notice of appeal to the Court of Appeals.

This was in error. The "Motion of appeal" does not satisfy the requirements of Federal Rule of Appellate Procedure 3(c)(1)(C) for an appeal to the Court of Appeals because it does not name the Court of Appeals as "the court to which the appeal is taken." Instead, it appears that the appeal was directed to this Court as an appeal pursuant to 28 U.S.C. § 636(b)(1)(A) of a magistrate judge's nondispositive order. Lending weight to this interpretation is the fact that the order from which Buechel appeals *is* appealable to this Court but is *not* appealable to the Court of Appeals on an interlocutory basis. It can be reviewed only on appeal from the final judgment. *See Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1066 (7th Cir. 1981) (*per curiam*).

For these reasons, the Court **DIRECTS** the Clerk of Court to docket Buechel's July 31,

2009, filing as an appeal from a magistrate judge's order and to send a copy of this order to the United States Court of Appeals for the Seventh Circuit for their consideration in connection with Appeal No. 09-2945.

One final note about jurisdiction is in order. Ordinarily, an appeal to the Court of Appeals "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, a deficient notice of appeal does not divest the district court of jurisdiction. *Gilda Indus. Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). Where it is clear to the district court that a notice of appeal is deficient because it is untimely, lacks essential recitals, or seeks review of a non-appealable order, the district court may disregard the notice of appeal. *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)). As noted above, Buechel's notice is deficient. Furthermore, Buechel's filing was not, in fact, a notice of appeal to the Court of Appeals and was simply misdocketed as such. For these reasons, the Court has jurisdiction to enter the instant order.

**IT IS SO ORDERED.**
**DATED: August 13, 2009**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **U. S. DISTRICT JUDGE**