IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH W. BUECHEL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **08-132-JPG** |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

The defendant United States of America is before the Court seeking to dismiss "Count 1" of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. **(Doc. 33).** "Count 1," the only remaining claim in this case, generally alleges that officials at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville) were negligent relative to sterilization and hygiene practices, which lead to plaintiff Joseph W. Buechel contracting a staphyloccus infection from an inmate/ co-worker. **(Doc. 1).** This is the second motion to dismiss filed by the government. The government presents two grounds for dismissal:

1.  Plaintiff failed to properly exhaust administrative remedies prior to filing suit, as is required by the Federal Tort Claims Act, 28 U.S.C. § 2675; and

2.  The Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126(c)(4), is the sole remedy for injuries suffered during the performance of a prison job assignment.

1

**(Doc. 33).**

Plaintiff Buechel, who is currently incarcerated at the Federal Correctional Institution in Ray Brook, New York, but who is now represented by counsel, counters with the following arguments:

1. Defendant has filed a successive motion, barred by Federal Rule of Civil Procedure 12(g)(2);

2. Plaintiff exhausted administrative remedies, in that his grievance satisfied the "minimal notice" requirement;

3. The IACA is inapplicable because plaintiff's infection was not a "work-related" injury; and

4. Defendant has waived the IACA argument because at no point during the administrative process was plaintiff's claim handled as anything other than a Federal Tort Claim.

**(Doc. 50).**

### Federal Rule of Civil Procedure 12(g)(2)

Federal Rule of Civil Procedure 12 provides:

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**Fed.R.Civ.P. 12(g)(2).** Rule 12(h)(2) pertains in pertinent part to "failure to state a claim upon which relief may be granted" and Rule 12(h)(3) pertains to "lack of subject-matter jurisdiction." **Fed.R.Civ.P. 12(h).** The government's motion purports to be a Rule 12(b)(1) motion seeking dismissal for lack of subject-matter jurisdiction, but plaintiff begs the Court to delve further.

The government filed its first Rule 12 motion in October 2008, seeking the dismissal of plaintiff's medical negligence claim. **(Doc. 12).** The government did not seek leave to file a successive Rule 12 motion, and has not specifically addressed the applicability of Rule 12(g)(2).

2

However, by specifying that the motion is filed pursuant to Rule 12(b)(1) challenging subject-matter jurisdiction, the government implies that the Rule 12(h)(3) exception is applicable. Also, the government, citing *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994); and *Deloria v. Veterans Administration*, 927 F.2d 1009, 1011 (7th Cir. 1991), characterizes the exhaustion requirement as "jurisdictional."

The government reads too much into those cases, which do not *specifically* hold that exhaustion is jurisdictional.[1] Plaintiff correctly observes that in *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008); *Collins v. United States*, 564 F.3d 833, 837 (7th Cir. 2009); and *Palay v. United States*, 349 F.3d 418, 424 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit has characterized the exhaustion requirement as a prerequisite to suit, but <u>not</u> "jurisdictional."[2] Therefore, the Rule 12(h)(3) exception to the bar against successive Rule 12 motions is inapplicable.

Exhaustion is an affirmative defense. **See generally *Pavey v. Conley*, 544 F.3d 739, 740-741 (7th Cir. 2008).** Plaintiff correctly observes that a Rule 12(b)(6) motion relative to a perceived "failure to state a claim upon which relief can be granted" is also not the appropriate

---

[1]In *McNeil*, the Supreme Court ultimately upheld the dismissal of an FTCA action based on failure to exhaust administrative remedies, which the district court had characterized as jurisdictional. However, the Court's decision specified, "The narrow question before us is whether [the prisoner-plaintiff's] action was timely either because it was commenced when he lodged his complaint with the District Court..., or because it should be viewed as having been 'instituted' on the date when his administrative claim was denied." Id. at 111. The Supreme Court did not address whether the exhaustion requirement was truly jurisdictional.

[2]Considering that *McNeil* originated in the Northern District of Illinois and passed through the Court of Appeals for the Seventh Circuit, the appellate court's subsequent decisions that exhaustion of administrative remedies is not jurisdictional seem to support a narrow reading of *McNeil*.

procedural mechanism for asserting that point. In *Carr v. Tillery*, __F.3d __, 210 WL 92497 (7th Cir. Jan. 12, 2010), the Court of Appeals for the Seventh Circuit, recently reiterated that Federal Rule of Civil Procedure 12(c) is the proper mechanism. Consequently, the Rule 12(h)(2) exception is also inapplicable. Therefore, the Court is procedurally barred from considering the government's successive Rule 12 motion with respect to the exhaustion argument.

Similarly, the government's argument that the IACA, not the FTCA, is plainitff's exclusive remedy, is not jurisdictional *per se*; rather, it merely limits the available remedies. **Parrott v. United States, 536 F.3d 629, 634 (7th Cir. 2008).** The federal courts have exclusive jurisdiction over claims against the United States (*see* 28 U.S.C. § 1346), and the FTCA is merely an exception to the government's otherwise applicable sovereign immunity, not an exception to the jurisdictional grant. **Parrott, 536 F.3d at 634.** Thus, the Rule 12(h)(3) exception to the bar against successive Rule 12 motions is inapplicable. Again, Rule 12(c), not Rule 12(b)(1), is the proper mechanism for such an "avoidance" or affirmative defense.; therefore, the Rule 12(h)(2) exception is inapplicable.

Because neither of the government's two bases for their motion qualifies as an exception to the bar to the rule against filing successive Rule 12 motions, the Court should decline to consider the merits of the government's motion; it should be denied in accordance with Federal Rule of Civil Procedure 12(g)(2).

For the benefit of the District Court, the merits of the government's arguments will be analyzed.

**Exhaustion**

The government argues that plaintiff failed to properly exhaust administrative remedies prior to filing suit, as is required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675. More specifically, the government contends plaintiff's administrative claim only pertained to the allegations of negligent medical treatment, which have been dismissed from this action.

For reference, plaintiff's complaint alleges in pertinent part:

> Defendant's medical and executive departmental employees are intentionally disregarding basic manditory [sic] medical biohazard [sic] containment quarantine and decontamination procedures of infectious diseases . . . Mr. "JOE HANSON" an inmate at Federal Correctional Institution in Greenville, Illinois, was allowed to return to his job assignment in ("CMS") after being diagnosed with the "staph infection virus" that ended up being transmitted to plaintiff during a machanical [sic] operation on a laundry unit which ["HANSON"] and the plaintiff were passing tools between each other and right afterward's [sic] plaintiff scratched his backside while using the restroom that resulted into a pimple size boil appearing on plaintiff's lower left buttocks within less than ("24") hours which forced him to report to medical services of the institution . . . where the chief medical officer performed an unorthodox culturing porcedure upon the plaintiff by cutting into the infected area with a surgical scapal [sic] and squeezing the wound as hard as possible to the point it became unbearable to stand that was the proximate cause of the ("staph") pathogen to enter into the plaintiff's blood stream during an incubation period of approximately ("24") days (or) less.

**(Doc. 1, pp. 4-5).** The Court's threshold order construed the complaint as pertaining to "negligent and improper sterilization and hygiene practices in the prison laundry where [plaintiff] works," causing a severe staph infection that was "made worse through negligent diagnosis and treatment." **(Doc. 2, p. 2).** The Court's three sentence synopsis of the seven-page complaint "cut too close to the bone." Clearly, plaintiff has claimed that his exposure to the staph infection was due to prison officials' and medical personnel's negligent handling, i.e. quarantine, of inmate Hanson and his staph infection, thereby allowing Hanson to work with

5

plaintiff in a manner that allowed Hanson to transmit the staph infection to plaintiff as the two worked together.

According to the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

**28 U.S.C. § 2675(a).** "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for ... personal injury ... alleged to have occurred by reason of the incident . . . ." **28 C.F.R. § 14.2(a);** *see Palay v. United States*, **349 F.3d 418, 425 (7th Cir. 2003);** *Kanar v. United States*, **118 F.3d 527, 530 (7th Cir. 1997).** The claim form is entitled to a "generous reading"; a claimant is not required to plead legal theories, but he must plead the pertinent facts so the agency receives sufficient notice to enable it to investigate the claim. *Palay*, **349 F.3d at 425-426;** *Murrey v. United States*, **73 F.3d 1448, 1452 (7th Cir. 1996).** "[I]f the claim would have been apparent to a legally sophisticated reader of the form, then [the Court] will charge the agency with notice of that claim and deem it to have been exhausted." *Palay*, **349 F.3d at 425-426 (internal quotations omitted).** The facts must simply be sufficient to put the agency on notice to enable it to investigate the claim, and any claim "implicit in the facts" will be deemed to have been presented. *Id*. **at 426.**

Plaintiff's administrative claim succinctly states:

>Caught Staph Infection from an INMATE JOE HANSON who works in CMS, wherein the institution failed to quarantine Hanson to prevent transmittal of disease. Staph subsequently got into my blood.

**(Doc. 33-1, p. 3).** Plaintiff's administrative claim contains the essential facts– the causal chain– that are at the heart of plaintiff's claim in this case. The government appears to be attempting to shape plaintiff's administrative complaint and complaint to fit its conclusion that the claim is a work-related tort, rather than letting plaintiff's own words speak for themselves. Plaintiff's administrative complaint satisfies the FTCA pleading requirements and mirrors the claim presented in this action. The government does not argue that plaintiff procedurally defaulted the pursuit of his administrative complaint, which plaintiff most certainly did not. **(*See* Doc. 33-1, pp. 3-11).** Therefore, this Court concludes plaintiff has exhausted his administrative remedies relative to the remaining claim, "Count 1."

### The IACA

From the government's perspective, plaintiff is alleging a work-related injury. The government obviously is relying on plaintiff's explanation in the complaint that the staph infection was "transmitted to plaintiff during a machanical [sic] operation on a laundry unit which ["HANSON"] and the plaintiff were passing tools between each other." **(Doc. 1, p. 4).** The government contends that the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126(c)(4), is the sole remedy for injuries suffered during the performance of a prison job assignment. Because plaintiff has asserted a Federal Tort Claim pursuant to 28 U.S.C. § 2671, et seq., his claim would have to be dismissed if the government is correct.

The government is correct, in that when a federal inmate's injuries are work-related, the Supreme Court has held that the exclusive remedy against the government is the IACA; he

cannot sue the government under the Federal Tort Claims Act (FTCA).  ***United States v. Demko,  385 U.S. 149, 152-154 (1966).***  However, plaintiff disputes the government's underlying assumption that he suffered a work-related injury.

The IACA's implementing regulations provide that the IACA will compensate inmates for "work-related injuries," i.e., "any injury, including occupational disease or illness, <u>proximately caused</u> by the <u>actual performance</u> of the inmate's work assignment."  28 C.F.R. § 301.102(a) (emphasis added).  Additional law regarding the IACA is scarce; however, workers' compensation law generally defines an occupational disease as "any disease arising out of exposure to harmful conditions of the employment, when those conditions are present in a peculiar or increased degree by comparison with employment generally."  ***Gencarelle v. General Dynamics Corp.*, 892 F.2d 173, 176 (2nd Cir. 1989) (citing 1B A. Larson, *The Law of Workmen's Compensation* § 41.00 at 7-353).**  As plaintiff observes, workers' compensation statutes, like the IACA, cannot possibly be construed so broadly that employers are held liable for an employee catching a cold.

The government ignores the first phrase in the statement of the claim, "Defendant's medical and executive departmental employees are intentionally disregarding basic manditory [sic] medical biohazard [sic] containment quarantine and decontamination procedures of infectious diseases . . . ."  **(Doc. 1, p. 4).**  Instead, the government apparently focuses on the (much) later statement that the infection was "transmitted to plaintiff during a machanical [sic] operation on a laundry unit which ["HANSON"] and the plaintiff were passing tools between each other . . . ."  **(Doc. 1, p. 4).**  This Court characterizes the latter as merely a contextual phrase.  Moreover, as a matter of general knowledge, a staph infection is not present in a peculiar

or increased degree in work related to fixing a laundry machine in comparison with employment generally– it is not an occupational disease or illness. There is no special causal connection between the infection and plaintiff's job. Plaintiff's staff infection was not proximately caused by the actual performance of plaintiff's job. Therefore, this Court concludes plaintiff has not alleged a work-related injury; consequently, the IACA is inapplicable.

### Recommendation

For the aforestated reasons, this Court recommends that the government's Rule 12(b)(1) motion to dismiss the remaining claim, "Count 1," (Doc. 33) be denied as an impermissible successive motion, in violation of Federal Rule of Civil Procedure 12(g)(2). In the alternative, this Court recommends that the government's motion be denied on the merits. If this recommendation is adopted, the case would proceed and the government should be directed to file its answer.

**DATED: February 8, 2010**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(d), the parties shall file (meaning receipt by the Clerk of Court) any objections to this report and recommendation on or before **February 25, 2010**. No extensions will be granted.