IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH W. BUECHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 08-CV-00132-JPG-CJP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is plaintiff Joseph W. Buechel's motion for entry of a protective order in accordance with the Privacy Act, 5 U.S.C. § 552a. (Doc. 67.) Plaintiff has sought and will seek certain information that implicates the privacy of non-parties to this case who are inmates at FCI-Greenville and which may reveal their exposure to MRSA. Defendant objects to the scope of the material that should be made available to plaintiff, arguing that, by the terms of the complaint, only information-- and limited information at that-- relating to Joe Hanson (or "Hansen" as the case may be) is relevant and discoverable relative to plaintiff's exposure to MRSA. (Doc. 68.) In reply, plaintiff notes that the complaint was prepared when he was proceeding pro se, and that he should be permitted some latitude in discovery. (Doc. 70.)

The defendant's view of discovery is too narrow and inconsistent with Federal Rule of Civil Procedure 26(b)(1). The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). Furthermore, in accordance with *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010), counsel was appointed to ensure that this action was properly litigated because plaintiff was found incapable

of adequately representing himself; therefore, plaintiff's appointed counsel will not now be strictly constrained by the original pleadings.

**IT IS THEREFORE ORDERED** that, in accordance with the Privacy Act, 5 U.S.C. § 552a, and for good cause shown, plaintiff's motion for entry of a protective order and for Court authorization of the disclosure of:

(1) the log created by the Health Services department at FCI-Greenville containing the names of all inmates who testified positive for MRSA in the year 2006;

(2) the complete medical records of inmate Joseph Hansen for the relevant time period; and

(3) records relating to the work history and cell assignments of non-party inmates at FCI-Greenville during the relevant time period

(Doc. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that, to ensure that such material is kept confidential and is not used for any purpose other than discovery and trial preparation in this case, the parties shall comply with the following:

1. This Order shall apply to and govern the handling of all documents/electronic documents, deposition testimony and other information, including all copies, excerpts, and summaries thereof (hereinafter referred to as "Material") that is designated "Confidential" in accordance with paragraph 2 of this Order, and is produced, given or filed during discovery and other proceedings prior to trial of this action. This Order shall not apply at any trial of this matter and for that purpose, to the extent necessary, issues of confidentiality at trial will be addressed separately.

2. The following Material shall be designated "Confidential": (1) the log created by the Health Services department at FCI-Greenville containing the names of all inmates who testified positive for MRSA in the year 2006; (2) the complete medical records of inmate Joseph Hansen for the relevant time period; (3) records relating to the work history and cell assignments of non-party inmates at FCI-Greenville during the relevant time period.

3. Material designated "Confidential" shall be maintained in confidence by the attorneys for the party to whom such Material is produced and shall not be produced to Plaintiff or disclosed in writing to Plaintiff, and will not be disclosed to any other person except:

(a) the Court and its officers;

(b) counsel;

(c) employees of counsel; and

(d) third parties engaged by counsel of the parties to assist in this litigation, deponents, or hearing witnesses, provided that any such third party, deponent, or hearing witness has (i) read this order and (ii) first been requested to sign an undertaking to comply with this Order, which counsel will use all good faith efforts to obtain; such third parties do not include family members of the parties. In the event that a third party witness refuses to sign such undertaking, the third party witness will not be allowed to take custody or maintain any such document or copy thereof, except for purposes of reviewing a deposition transcript prior to signature.

4. Any deposition testimony or written discovery related to the records designated "Confidential" pursuant to Paragraph 2 shall also be designated "Confidential."

5. Material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error, provided correction occurs within thirty days of discovery of the inadvertence or error and the party making the correction notifies the recipient of said material by specifying, by document number, which documents are now deemed to be covered by this Order.

6. Nothing herein shall prohibit either party from seeking an Order that designated Material is not entitled to "Confidential" treatment or that otherwise affects the treatment of Material.

7. Other than as provided in paragraph 5 above, no designation of "Confidential" shall be effective unless there is placed or affixed on such Material a "CONFIDENTIAL" marking. To the extent necessary, the parties may file redacted copies eliminating the confidential material with the Court.

8. All Material designated as "Confidential" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal of competent jurisdiction, valid subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within two business day's receipt by counsel of same by forwarding a copy by electronic or facsimile means and by U.S. Mail to the counsel listed below. With respect to any such order, subpoena or warrant, no party shall respond to such order, subpoena or warrant in a time frame that is earlier than the time frame for compliance set forth in the order, subpoena or warrant.

9. At the final conclusion of this case (including exhaustion of appeals) all Material designated as "Confidential" produced pursuant to discovery, and all copies thereof, shall within 60 days of the conclusion of the case, including by settlement and after the time for all appeals have expired, be returned or, if the other party shall consent, be destroyed (by shredding or other similar means) and opposing counsel shall certify in writing that such Material has been destroyed. After this return, destruction and certification, or the time period referred to in this period has expired, the notice obligations contained in paragraph 8 will expire.

10. If counsel for a party desires to file in the public record in this action any "Confidential" Material, that counsel must, reasonably in advance of the date for filing, attempt to confer with counsel for all other parties and, if unsuccessful in so conferring, certify that he or she made such attempt and the details of such attempt. The purpose of such advance consultation is to permit any party to move to file such Material under seal; absent such a motion, this Order does not prohibit the filing of such Material with the Court.

11. The restrictions set forth in any of the preceding paragraphs shall not apply to Material that:

   (a) was, is, or became public knowledge in a lawful manner other than by violation of this Order;

   (b) is acquired by the non-designating party from a third party having the right to disclose such Material; or

   (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

12. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of the Court.

**IT IS SO ORDERED.**

**DATED:  AUGUST 18, 2010**

                                              **s/ Clifford J. Proud**

                                              _____

                                              **CLIFFORD J. PROUD**
                                              **U.S. MAGISTRATE JUDGE**