IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH W. BUECHEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **08-132-JPG** |
| | ) |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Joseph W. Buechel's motion to compel the defendant to produce:

1. Meeting minutes, reports and other documents from FCI-Greenville's Infection Control meetings;

2. Meeting minutes, reports and other documents from FCI-Greenville's Quality Improvement Program regarding infection control policies; and

3. Documents relating to evaluations of FCI-Greenville's infection control or sanitation measures made by the Bureau of Prisons (BOP).

(Doc. 69.) Plaintiff contends the requested information is relevant to his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, that plaintiff contracted Methicillin-resistant Stahylococcus Aureus infection (MRSA) due to the defendant's negligence.

The defendant asserts that:

1. The requested information and documents fall beyond the claims as framed by the administrative claim and the complaint, which has not been amended by newly appointed counsel;

2. The requested information and documents are privileged under the Illinois Medical Studies Act, 735 ILCS 5/8-2101 *et seq.*;

1

      3.      Barring consent or a court order, the Privacy Act, 5 U.S.C. § 552a, forbids disclosure of the requested information and documents; and

      4.      Institutional security concerns militate against disclosure.

(Doc. 73.)

Plaintiff counters that the requested information and documents are relevant to the negligence claim; and the Illinois Medical Studies Act is inapplicable to a FTCA claim. (Docs. 69 and 74.)

As a preliminary matter, the defendant's view of discovery is too narrow and inconsistent with Federal Rule of Civil Procedure 26(b)(1). The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). Furthermore, in accordance with *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010), counsel was appointed to ensure that this action was properly litigated because plaintiff was found incapable of adequately representing himself; therefore, plaintiff's appointed counsel will not now be strictly constrained by the original pleadings. With that said, the fact that information may be discoverable does not necessarily mean that it will ultimately be admissible, or that the scope of the complaint is being broadened. Consistent with the broad view of relevance for purposes of discovery, the relevant time period is 2005-2007, capturing the year before and the year following plaintiff's infection with MRSA. Plaintiff has not exceeded the parameters described in *Oppenheimer Fund, Inc., v. Sanders*, and it is axiomatic that BOP and FCI-Greenville's infection control programs and monitoring are relevant to whether plaintiff contracted MRSA due to defendant's negligence, and the applicable infection control standards.

Federal Rule of Evidence 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

The FTCA makes the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, *if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. s 1346(b) (emphasis added); *see also*, 28 U.S.C. § 2672.  Thus, at first blush it would appear that state law would appear to control the privilege issue.  However, the legislative history of Rule 501 specifically addresses the characterization of state law in such a situation:

> In nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law .... When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule

3

derived from state decisions), and state privilege law would not apply.

Fed.R.Evid. 501, Committee Notes re 1974 Enactment, Conf.Rep. No. 1597, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7101. Therefore, federal, not state law controls the privilege issue. Nevertheless, " '[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Memorial Hospital for McHenry County v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981) (quoting *U.S. v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976)).

> In doing so, the following principles should be considered:
>
> First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed. Second, in deciding whether the privilege asserted should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue arises. The court should "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case."

*Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061-1062 (7th Cir. 1981) (quoting *Ryan v. Commissioner of Internal Revenue*, 568 F.2d 531, 543 (7th Cir. 1977); other internal citations omitted).

4

The Illinois Medical Studies Act (MSA), 735 ILCS 5/8-2101 *et seq.*, protects the records, reports, notes, and the like, of hospitals, hospital committees, medical societies, and other review groups used in the course of internal quality control or medical study for the purpose of improving morbidity and mortality, or for improving patient care. 735 ILCS 5/8-2101. However, original records pertaining to patients are not covered under the Act. 735 ILCS 5/8-2101. Defendant's Privilege Log relative to Infection Control meetings, and Quality Improvement Program matters (Doc. 69-6) is inadequate to enable the Court to discern the applicability of the privilege. Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that the nature of the documents not produced be described in a manner that, without revealing the purportedly privileged matter, will enable others to assess the claim of privilege. Defendant offers no such description, and the Court will not assume that the information and documents withheld fall under the ambit of the act. Therefore, in the interest of expedience, the Court will conduct an in camera review of the information and documents listed in defendant's Privilege Log relative to Infection Control meetings, and Quality Improvement Program matters (Doc. 69-6).

Defendant's Privilege Log 4 relative to FCI-Greenville's infection and sanitation measures for 2006 does indicate that the records relate to "operational review," and are protected

primarily by the "Deliberative Process & Self Critical Analysis" privilege. (Doc. 69-7.) Plaintiff observes that the Court of Appeals for the Seventh Circuit has not recognized this novel privilege. *See Burden-Meeks v. Welch*, 319 F.3d 897, 901 (7th Cir. 2003). The Supreme Court has stated that privileges are "not lightly created nor expansively construed, for they are in derogation of the search for truth." *U.S. v. Nixon*, 418 U.S. 683, 709 (1974). In support of applying a self-critical analysis privilege the defendant has only cited a non-precedential District Court order, *Tice v. American Airlines, Inc.*, 192 F.R.D. 270 (N.D.Ill. 2000). In *Tice*, the analysis was specifically premised upon an <u>assumption</u> that the federal common law recognized such a privilege. Given that the privilege is not recognized in the Seventh Circuit, and that defendant did not make any argument for the adoption of such a privilege, the Court will decline this opportunity to expand the federal common law. Therefore, the "Deliberative Process & Self Critical Analysis" privilege will not protect the information and documents listed in defendant's Privilege Log 4 relative to FCI-Greenville's infection and sanitation measures for 2006.

Relative to defendant's Privilege Log 4 relative to FCI-Greenville's infection and sanitation measures for 2006 (Doc. 69-7), defendant claims protection under the Privacy Act and due to security concerns. By separate order, and pursuant to the Privacy Act, the Court has authorized a protective order covering:

>   (1) the log created by the Health Services department at FCI-Greenville containing the names of all inmates who testified positive for MRSA in the year 2006;
>
>   (2) the complete medical records of inmate Joseph Hansen for the relevant time period; and
>
>   (3) records relating to the work history and cell assignments of non-party inmates at FCI-Greenville during the relevant time period

Based on the information before the Court, it does not readily appear that there is any overlap with the information and documents defendant claims are privileged, but it is entirely possible. Therefore, the Court is prepared to issue a similar protective order to protect the information and documents listed in defendant's Privilege Log 4 relative to FCI-Greenville's infection and sanitation measures for 2006 (Doc. 69-7).

Insofar as the defendant argues that institutional safety militates against disclosure of information regarding exposure to MRSA within FCI-Greenville, the aforementioned protective order should keep such information confidential. Similarly, the use of pseudonyms or other identifiers can be used to minimize the possibility of conflict within the institution. At this juncture, the Court is not persuaded that the defendant's fears relating to institutional security and non-party privacy issues should trump plaintiff's need to conduct discovery in this case.

7

**IT IS THEREFORE ORDERED** that plaintiff Joseph W. Buechel's motion to compel the defendant to produce:

1. Meeting minutes, reports and other documents from FCI-Greenville's Infection Control meetings;

2. Meeting minutes, reports and other documents from FCI-Greenville's Quality Improvement Program regarding infection control policies; and

3. Documents relating to evaluations of FCI-Greenville's infection control or sanitation measures made by the Bureau of Prisons.

(Doc. 69) is **GRANTED IN PART AND RULING IS RESERVED IN PART**. More specifically, the motion is **GRANTED** with respect to the third enumerated category, defendant's Privilege Log 4 relative to documents relating to evaluations of FCI-Greenville's infection control or sanitation measures made by the Bureau of Prisons (Doc. 69-7). A protective order in accordance with the Privacy Act will issue by separate order. Ruling on the other two categories, Infection Control meetings and the Quality Improvement Program, is **RESERVED**.

**IT IS FURTHER ORDERED** that on or before **September 3, 2010**, the defendant shall produce to the Court for in camera inspection all information and documents listed in defendant's Privilege Log relative to Infection Control meetings, and Quality Improvement Program matters (Doc. 69-6). The information and documents shall be produced in paper form,

8

not via the CM-ECF system.  After reviewing the information and documents, the Court will issue a final ruling on the remaining aspects of plaintiff's motion to compel (Doc. 69).

**IT IS SO ORDERED.**

**DATED:  AUGUST 18, 2010**

s/ Clifford J. Proud
_____
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**

9