IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH W. BUECHEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **08-132-JPG** |
| | ) |
| **UNITED STATES OF AMERICA, et al.**, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Joseph W. Buechel's motion to compel the defendant to produce:

1. Meeting minutes, reports and other documents from FCI-Greenville's Infection Control meetings;

2. Meeting minutes, reports and other documents from FCI-Greenville's Quality Improvement Program regarding infection control policies; and

3. Documents relating to evaluations of FCI-Greenville's infection control or sanitation measures made by the Bureau of Prisons (BOP).

(Doc. 69.)  By separate order (Doc. 76), the Court previously ruled with respect to the third enumerated category, documents relating to evaluations of FCI-Greenville's infection control or sanitation measures made by the Bureau of Prisons.  The Court reserved ruling on the other two categories and ordered defendants to produce the documents at issue for in camera inspection.

The Court has now reviewed the contested documents, keeping in mind that, " '[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Memorial Hospital for McHenry County v. Shadur,* 664 F.2d 1058, 1061

1

(7th Cir.1981) (quoting *U.S. v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976)).  The following principles also guided the Court:

> First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed.  Second, in deciding whether the privilege asserted should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue arises. The court should "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case."

*Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061-1062 (7th Cir. 1981) (quoting *Ryan v. Commissioner of Internal Revenue*, 568 F.2d 531, 543 (7th Cir. 1977); other internal citations omitted).

The Illinois Medical Studies Act (MSA), 735 ILCS 5/8-2101 *et seq.*, protects the records, reports, notes, and the like, of hospitals, hospital committees, medical societies, and other review groups used in the course of internal quality control or medical study for the purpose of improving morbidity and mortality, or for improving patient care.  735 ILCS 5/8-2101.  However, original records pertaining to patients are not covered under the Act.  735 ILCS 5/8-2101.

The Court appreciates the defendants' claiming privilege based on general policy and principles, but the release of the contested documents will not impair or discourage the free flow of information and discussion necessary for improving morbidity and mortality, or patient care.  There is also no readily apparent basis for withholding the documents based on institutional safety and privacy concerns.  Therefore, the documents must all be produced to plaintiff.  However, out of an overabundance of caution, the documents will be deemed to fall under the ambit of the protection order previously entered by the Court (Doc. 75).

**IT IS THEREFORE ORDERED** that plaintiff Joseph W. Buechel's motion to compel the defendant to produce:

1. Meeting minutes, reports and other documents from FCI-Greenville's Infection Control meetings;

2. Meeting minutes, reports and other documents from FCI-Greenville's Quality Improvement Program regarding infection control policies; and

3. Documents relating to evaluations of FCI-Greenville's infection control or sanitation measures made by the Bureau of Prisons.

(Doc. 69) is **GRANTED IN FULL**.

**IT IS FURTHER ORDERED** that on or before **September 17, 2010**, the defendant shall produce the aforementioned documents, which were previously withheld based on the defendants' assertion of privilege.

**IT IS SO ORDERED.**

**DATED: September 7, 2010**

s/ Clifford J. Proud
_____
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**