IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH W. BUECHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-cv-132-JPG-PMF |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 116) of Magistrate Judge Philip M. Frazier recommending that the Court deny the defendant United States of America's motion for summary judgment (Doc. 90) and on the defendant's appeal (Doc. 123) of Magistrate Judge Frazier's order granting plaintiff Joseph W. Buechel's motion to strike three affidavits offered in support of the summary judgment motion (Doc. 115). The Court also considers the United States' motion for leave to amend its answer (Doc. 124).

This action stemmed from Buechel's diagnosis of methicillin-resistant *Staphylococcus aureus* ("MRSA") after being housed at the Federal Correctional Institute at Greenville, Illinois ("Greenville"). In his complaint, Buechel believes the defendant was negligent in its biohazard safety practices at Greenville (Count 1). He believes those practices allowed inmate Joe Hansen, who had been diagnosed with a staph infection, to return to his job with Buechel and pass him tools that Buechel believes were contaminated with a staph virus. He believes that his exposure to the staph virus on the tools caused him to contract MRSA. The Court has dismissed Buechel's medical malpractice claim (Count 2) based on his diagnosis and treatment, but his negligence claim under the Federal Tort Claims Act ("FTCA") remains. The United States has moved for summary judgment on that claim.

I.  **Appeal of Order Striking Affidavits**

In conjunction with issuing the Report, Magistrate Judge Frazier granted Buechel's motion to strike the affidavits of (1) Melvin A. Barbee, a Bureau of Prisons' ("BOP") safety and occupational health manager for the BOP's north-central region, the geographical area covering the prison in which Buechel was incarcerated at the relevant time, (2) Dr. Paul Harvey, the BOP medical director for the north-central region, and (3) Mary K. Hueter, the records office supervisor at Greenville, which the United States offered in support of its motion for summary judgment (Doc. 93).  Magistrate Judge Frazier found that, since these witnesses were not disclosed in the United States' initial disclosures pursuant to Federal Rule of Civil Procedure 26, they could not be used as evidence in support of summary judgment unless the failure to disclose them was substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).  Magistrate Judge Frazier found the United States had not shown the failure to disclose these witnesses was harmless in light of the fact that their testimony was not commonly known or tangential to the relevant facts and Buechel had no meaningful opportunity to conduct discovery on these witnesses before the discovery deadline (Doc. 115).

The United States appeals (Doc. 123) Magistrate Judge Frazier's order, arguing that Rule 26 did not require initial disclosure of the three undisclosed witnesses because they did not have any personal knowledge of Buechel's specific situation and were giving testimony about general BOP policies and interpretation of BOP documents previously provided to Buechel.  The United States believed they where not therefore "likely to have discoverable information."  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  It argues that the disclosure standard used by Magistrate Judge Frazier would require disclosure of every employee with knowledge of BOP practices, an impracticable

or impossible requirement. It further argues the sanction imposed by Magistrate Judge Frazier was overly harsh and that he should have instead allowed the plaintiff to conduct the additional discovery he needed.

In response to the United States' objection (Doc. 126), Buechel argues that the failure to disclose the three witnesses was clearly not harmless in light of the fact that their testimony comprises a substantial part of the evidentiary support for the summary judgment motion. He also points out that, although the United States claims the undisclosed witnesses do not have personal knowledge of Buechel's situation, they offer testimony about issues relevant to Buechel's specific situation. He further notes that Rule 26(a)(1)(A)(i) does not require disclosure of every person likely to have discoverable knowledge but only those a party may use to support his claim. Buechel also argues the affidavits should have been stricken for reasons not given in the Report.

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court may affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.* The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Magistrate Judge Frazier's decision to strike the affidavits of the three undisclosed witnesses was not clearly erroneous or contrary to law. Rule 26(a)(1)(A)(i) requires disclosure of witnesses with discoverable information that a party may use to support its case. The United States has used the witnesses to support its case, and they have given testimony relevant to

Buechel's claims. Thus, Rule 26(a)(1)(A)(i) requires disclosure. Furthermore, the United States has failed to show Buechel has not been harmed by the non-disclosure. Because the witnesses were not disclosed, Buechel was unable to conduct discovery about their testimony and was unprepared to counter certain aspects of the United States' summary judgment motion. Finally, the Court will not *sua sponte* reconsider this matter. However, in the interest of resolving cases on the merits rather than on technical issues and pursuant to its authority under Rule 37(c)(1)(A) and (C), the Court would entertain a motion by the United States for leave to supplement its disclosures out of time and a motion by Buechel to reopen discovery at the defendant's expense as to the three witnesses so that they may be used as witnesses at trial.

For these reasons, the Court will affirm Magistrate Judge Frazier's order (Doc. 115) granting Buechel's motion to strike (Doc. 93) and will overrule the United States' objection to that order (Doc. 123).

## II.     Report and Recommendation

In the Report, Magistrate Judge Frazier makes a number of discrete recommendations underlying his final recommendation to deny summary judgment:

- Reject as premature the United States' assertion that it is entitled to summary judgment on the grounds that Buechel failed to exhaust his administrative remedies before filing suit. The United States has not pled the failure to exhaust as an affirmative defense in its answer;

- Reject the United States' suggestion that allegations regarding the restrictions on Hansen in light of his medical condition should be stricken from consideration of the remaining negligence claim;

- Reject the United States' contention that there is no evidence from which a reasonable jury could find Buechel contracted MRSA from Hansen through their work contact. The testimony of Robert B. Greifinger, M.D., Buechel's expert witness, is sufficient to create a genuine issue of material fact and is not without sufficient foundation or patently incredible; and

4

- Reject as premature the United States' assertion that it is entitled to summary judgment on the grounds that the discretionary function exception to the FTCA's waiver of sovereign immunity deprives the Court of jurisdiction. The United States has not pled the discretionary function exception as an affirmative defense in its answer;

The United States has objected (Doc. 120) to each of Magistrate Judge Frazier's discrete recommendations as well as to his final recommendation to deny the summary judgment motion. Buechel has responded to the United States' objection (Doc. 125).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court addresses each recommendation in turn.

    A.    <u>Failure to Exhaust</u>

The United States faults the Report for finding the United States had waived the defense of failure to exhaust administrative remedies. It argues that Buechel was on notice it was asserting this defense because it had done so in a motion to dismiss, which was denied as an improper successive motion, and because Buechel pursued facts relevant to the issue in discovery and suffered no prejudice from the United States' failure to plead the defense. It notes that the failure to plead an affirmative defense works a forfeiture only if the plaintiff is harmed by the delay in asserting the defense. *Matthews v. Wisconsin Energy Corp.*, 642 F.3d 565, 570 (7th Cir. 2011).

Magistrate Judge Frazier did not make that recommendation that the Court find the

United States waived the defense of failure to exhaust. Instead, he found the defense was premature because it was not pled in the answer. The United States was clearly aware of the defense at the time it filed its answer because it had already filed a motion to dismiss based on that defense, yet it did not include it. It was also made aware of this deficiency in the Report issued November 15, 2011. However, instead of acting immediately to cure the omission, the United States waited until January 18, 2012, to seek leave to amend the answer to add exhaustion as an affirmative defense. This did not satisfy the United States' duty to raise the defense in a timely manner once the defense became reasonably apparent by promptly moving for leave to amend its answer. *See Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997) (citing *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987); *Home Depot, Inc. v. Guste*, 773 F.2d 616, 621 n. 4 (5th Cir. 1985)).

The Report's decision not to address this affirmative defense in the summary judgment context before it was raised in the answer was correct and in line with *Jackson v. Rockford Housing Authority*, 213 F.3d 389 (7th Cir. 2000), a case cited by the United States in support of its position. In *Jackson*, the defendant moved for summary judgment on the grounds that the statute of limitations had expired, but it had not pled the statute of limitations as an affirmative defense in its answer. *Id.* at 392. There, the court allowed the defendant to amend its answer to assert the defense, then granted the summary judgment motion. *Id.* The Court of Appeals praised the district court judge for protecting the plaintiff's rights by implementing this two-step procedure:

> [T]he district court here was scrupulous in protecting [the plaintiff's] rights. It did not . . . accept a summary judgment motion at odds with the answer. It forced [the defendant] to request leave to amend the complaint. It forced [the defendant] to brief that motion. It gave [the plaintiff] several days to respond to [the

> defendant's] motion. And it gave [the plaintiff] the opportunity to conduct additional discovery in order to produce facts in support of his opposition to the motion.

*Id.* at 393. Here, the United States has moved for leave to amend its complaint to add the affirmative defense, the motion has been fully briefed, and it appears the parties have done sufficient discovery to adequately address the issue, which they have briefed at least twice already. It is perfectly appropriate to require the defendant to amend the answer before the Court addresses the issue on summary judgment.

Even if the Court were to consider the exhaustion issue in the summary judgment context, it would not enter summary judgment on that basis. An FTCA plaintiff must first present his claim to the appropriate federal agency and cannot file a suit until the agency has made a final disposition of the claim. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 113 (1993); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In the case of a personal injury of the kind Buechel alleges, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). The claim form need not specify the legal theory upon which it rests, but it must set forth enough facts to alert a legally sophisticated reader to the presence of the claim. *Palay*, 349 F.3d at 425 (citing *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996)). A claim form is considered to have presented "any cause of action fairly implicit in the facts." *Murrey*, 73 F.3d at 1452; *accord Palay*, 349 F.3d at 426. In deciding what claims were presented in the claim form, the Court must construe the claim form generously in favor of the claimant. *Palay*,

349 F.3d at 425-26 (citing *Murrey*, 73 F.3d at 1451-52).

Liberally construing the complaint, Buechel alleges in Count 1 that Greenville personnel are not implementing sufficient measures to prevent the spread of infectious disease and that, as a consequence, Hansen was allowed to work while ill with a staph infection and to transmit the pathogen to Buechel by passing tools to him.  This cause of action may rely on a number of theories about why Greenville personnel were negligent including, but not limited to, the fact that Hansen was allowed to work while sick and that the tools used by Hansen were not cleaned sufficiently.

In the section of Buechel's administrative claim form designated for describing the "nature and extent" of his injury, he complained that he had:

> Caught Staph Infestion [sic] from an INMATE JOE HANSON [sic] who works in CMS, wherein the institution failed to quaratine [sic] Hanson to prevent tranmittal [sic] of disease.  Staph subsequently got into my blood.

Despite the fact that this paragraph was not included in the section of the administrative complaint form designated for describing the "basis of claim," this paragraph was sufficient to alert a legally sophisticated reader that Buechel was complaining about the inadequacy of measures to prevent Hansen from transmitting staph to him.  A legally sophisticated reader would have known that such a claim encompassed the practice of allowing sick inmates like Hansen to come into contact with Buechel – which is explicit in the administrative claim form in the allegation of "failed to quara[n]tine" – as well as the failure to ensure those sick inmates do not transmit their diseases to those with whom they come in contact – which is implicit in the allegation of failure to "prevent tran[s]mittal."  Because Buechel's administrative claim form sets forth enough facts to alert a legally sophisticated reader to the presence of both aspects of his

8

claim, it satisfies the presentment requirement.[1]  Thus, the United States is not entitled to summary judgment on the grounds that Buechel failed to exhaust his administrative remedies. The Court notes, however, that Buechel's remaining claim in this case is limited to negligence that allowed Hansen to transmit pathogens to him and does not include a general claim about prison hygiene practices unconnected to Hansen.

> B.     Allegations of Failure to Quarantine

The United States believes the Report was incorrect in declining to strike Buechel's allegations that Greenville personnel should have quarantined Hansen.  It argues that quarantine is a medical decision and Buechel's medical malpractice claim has been dismissed.

This objection does not make sense.  The Court has dismissed Buechel's medical malpractice *claim* based on his own diagnosis and treatment.  However, it did not dismiss *allegations* simply because they might also touch on an issue of medical judgment.  If any allegations in the complaint are relevant to Buechel's non-medical negligence claim, he may continue to support them as this litigation progresses.  To the extent the United States believes Count 1 is actually a medical malpractice claim requiring a physician's certificate under 735

---

[1] Magistrate Judge Proud's Report and Recommendation (Doc. 54), which was adopted in its entirety by the Court (Doc. 57), recognized as much.  There, Magistrate Judge Proud stated,

> The Court's [July 9, 2008] three sentence synopsis of the seven-page complaint "cut too close to the bone."  Clearly, plaintiff has claimed that his exposure to the staph infection was due to prison officials' and medical personnel's negligent handling, i.e. quarantine, of inmate Hans[e]n and his staph infection, thereby allowing Hans[e]n to work with plaintiff in a manner that allowed Hans[e]n to transmit the staph infection to plaintiff as the two worked together.

Report & Recommendation, 5-6.  He also found Buechel's administrative claim contained the essential facts – the causal chain – that are at the heart of Count 1 and was sufficient to exhaust his remedies as to that claim.  *Id.* at 7.

9

ILCS § 5/2/622, it should have argued that in its summary judgment motion and should not have waited to raise the issue until its reply brief and its objection to the Report. The Report was completely correct in its recommendation to deny summary judgment on this basis.

C. Causation

The United States argues that Magistrate Judge Frazier incorrectly found there was evidence from which a reasonable jury could find Buechel contracted MRSA because of exposure to Hansen. It asserts that Hansen does not have MRSA so could not possibly have transmitted it to Buechel. However, the United States has only supported this assertion with affidavit testimony that has been stricken. Thus, the Court does not consider that statement.

The United States further objects to Magistrate Judge Frazier's decision to credit the expert testimony of Dr. Greifinger to find support for the proposition that Hansen contaminated Buechel. It argues Dr. Greifinger's testimony is without foundation and is not admissible as expert testimony under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-95 (1993).

Magistrate Judge Frazier is correct that Dr. Greifinger's testimony is sufficient to create a genuine issue of material fact regarding causation for the purposes of this motion. Dr. Greifinger states in his report that it is his opinion to a reasonable degree of medical certainty, "the timing, physical proximity at work, and exchange of hand tools is epidemiologically sufficient to conclude that Mr. Buechel contracted his infection from Mr. Hansen." He also opined that Buechel's infection can be attributed to Greenville's failure to comply with mandatory BOP policies regarding containing infections. The United States' attack on Dr. Greifinger's testimony in its summary judgment briefing consists primarily of labeling that testimony "outrageous and

unsupported," Pl.'s Summ. J. Reply Br. 2, and "utter nonsense," Pl.'s Summ. J. Reply Br. 3. These arguments do not persuade the Court that Dr. Greifinger's testimony is inadmissible. In its objection, the United States refers to *Daubert* for the first time but still does not paint a convincing picture that Dr. Greifinger's testimony is inadmissible expert testimony. While the United States is correct that the Court may find evidence inadmissible and disregard it at the summary judgment stage, *Lewis v. CITGO Petrol. Corp.*, 561 F.3d 698, 704 (7th Cir. 2009), it is not appropriate here. That question is better resolved in connection with the United States' pending motion to exclude Dr. Greifinger's testimony from the trial (Doc. 127).

  D. <u>Discretionary Function Exception</u>

Finally, the United States faults the Report for finding the United States had waived the defense of the discretionary function exception to the FTCA. As with the failure to exhaust defense, Magistrate Judge Frazier recommended the Court find the defense premature because the United States had not pled the discretionary function exception in its answer. The discretionary function exception is "available to the government as a defense only when aptly pleaded and proven," *Stewart v. United States*, 199 F.2d 517, 519 (7th Cir. 1952); *accord Parrott v. United States*, 536 F.3d 629, 634-35 (7th Cir. 2008), and it has not yet been pled in this case or raised in a pre-answer motion to dismiss. The United States' contention that it has come "well within what the Seventh Circuit allows" as to pleading the discretionary function exception is simply not accurate. It omitted the defense from its October 2008 and July 2009 motions to dismiss (Docs. 12 & 33), its March 2010 answer (Doc. 58) and its response to an interrogatory that specifically asked the United States to identify the affirmative defenses it would assert. In fact, the United States raised this defense for the first time in its summary

11

judgment motion filed in January 2011, after the close of discovery in December 2010, and waited until January 2012 to move for leave to add the defense to its answer. This is hardly "well within" the Seventh Circuit's requirement in *Stewart* that the defense be pled or contained within a pre-pleading motion to dismiss. The discretionary function exception simply does not provide a basis for granting summary judgment in light of the pleadings.

For the foregoing reasons, the Court will adopt the Report (Doc. 116) in its entirety as supplemented by this order and will overrule the United States' objection (Doc. 120

### III.   Motion for Leave to Amend Answer

The United States asks the Court to allow it to amend its answer to include the defenses of failure to exhaust administrative remedies and the discretionary function exception (Doc. 124). It argues the Court should allow amendment because Buechel has suffered no harm from its inadvertent failure to plead these defenses in its original answer since Buechel was on notice it would assert the defenses.

In response (Doc. 128), Buechel argues's that he would be prejudiced by the late addition of these affirmative defenses in this case since discovery closed more than a year ago. He argues that had he known the United States was intending to pursue these defenses, he would have pursued additional discovery relevant to those defenses. Specifically, Buechel asserts he would have sought discovery of Barbee and Dr. Harvey, two of the witnesses whose affidavits were stricken from the summary judgment briefing, regarding the discretionary nature of certain BOP policies if he had known the discretionary function exception was in issue and if he had known about those witnesses. He also states he would have deposed other witnesses in connection with the administrative claims process had he known the United States had not abandoned the failure

to exhaust affirmative defense when it failed to include it in its March 2010 answer.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Rule 15(a)(1) allows amendment of an answer once as a matter of course within 21 days of service. That time has passed, so whether the United States should be allowed to amend its answer is governed by Rule 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend its pleading only with the opposing party's written consent, which the United States has not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Stanard v. Nygren* 658 F.3d 792, 800-01 (7th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Stanard*, 658 F.3d at 796-97. A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

The Court will deny the motion for leave to amend to the extent it requests permission to add the defense of failure to exhaust administrative remedies. As Magistrate Judge Proud explained in his Report and Recommendation (Doc. 54), which was adopted in its entirety by the Court (Doc. 57), and as this Court has again explained above, Buechel has exhausted his

administrative remedies with respect to Count 1. Thus, amendment to add this defense would be futile.

The Court also declines to allow the United States to amend its answer to plead the discretionary function exception affirmative defense. As noted above, the United States should have known about the availability of this affirmative defense since early in the case, yet it did not plead it in its answer or disclose it in response to an interrogatory question expressly requesting the United States' affirmative defenses. It waited until a month after discovery closed, leaving Buechel no opportunity to pursue discovery on matters relating to that defense. Even then, it waited another year before moving for leave to amend its answer to include the defense. The United States has offered no good reason for this delay. Furthermore, Buechel has been prejudiced by this delay. During discovery, he had no motivation to explore discovery issues relevant to the defense (e.g., the mandatory nature of relevant rules and policies, the policy reasons – if any – behind those rules and policies) and had no opportunity to seek discovery from the witnesses the United States now offers in support of that defense. In light of the United States' undue delay in raising this discretionary function affirmative defense and the resulting prejudice to Buechel, the Court declines to allow the United States to add the defense at this late date.

**IV.     Conclusion**

For the foregoing reasons, the Court:

- **AFFIRMS** Magistrate Judge Frazier's order (Doc. 115) granting Buechel's motion to strike (Doc. 93) and **OVERRULES** the United States' objection to that order (Doc. 123);

- **ADOPTS** Magistrate Judge Frazier's Report (Doc. 116) in its entirety as supplemented by this order and **OVERRULES** the United States' objection (Doc. 120);

- **DENIES** the United States' motion for summary judgment (Doc. 90); and

- **DENIES** the United States' motion for leave to amend its answer (Doc. 124).

**IT IS SO ORDERED.**
**DATED:  March 20, 2012**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **U. S. DISTRICT JUDGE**