IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH W. BUECHEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-cv-132-JPG ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the bill of costs filed by the defendant United States of America (Doc. 164). Plaintiff Joseph W. Buechel has objected to the taxation of costs as requested (Doc. 166), and the United States has responded to that objection (Doc. 167). The United States requests costs in the amount of $3,240.69 attributable to expenses incurred to obtain deposition transcripts necessary to the defense of this case. Buechel asks the Court to decline to award costs because of his indigence. In response, the United States notes that, since trial, Buechel has been arrested for possession of marihuana. It argues that if he had sufficient disposable income to purchase a quantity of marihuana, he should be able to pay the costs of this suit.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on fourteen days' notice. Fed. R. Civ. P. 54(d)(1). The Court may then review the Clerk's action within the following seven days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*,

469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)).  In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future.  *Rivera*, 469 F.3d at 635.  The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs."  *Id.*  The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception.  *Id.* at 636.  If the Court reduces or denies costs, it must explain its decision.  *Krocka*, 203 F.3d at 518.

A denial of the costs award is warranted in this case based on Buechel's indigence and the nature of his claim.  As a preliminary matter, Buechel is financial incapable of paying the requested costs now or in the future.  He currently has no earned income, and his income from the past seven years was paltry.  He relies on public assistance and gifts to cover his living expenses, and his only asset is a vehicle worth less than $800.  He continues to suffer debilitating effects from the Methicillin-Resistant *Staphylococcus aureus* infection that was the subject of this case, and is now recovering from back surgery.  It further appears his prospects for future substantial gainful employment are dim in light of his health problems.  There is simply no way he can realistically be expected to pay costs of $3,240.69.[1]  On the other hand, while presenting an insurmountable barrier to Buechel, $3,240.69 is an amount small enough to be absorbed without much pain by the United States.  The Court further finds that this suit involved difficult issues and that Buechel brought this suit in good faith.

---

[1] The Court does not regard Buechel's arrest for possession of marihuana as competent evidence that he has disposable income to purchase marihuana.  Until he is convicted, he is presumed to be innocent of the possession charge, which may or may not even be related to an actual purchase.

For these reasons, the Court **SUSTAINS** Buechel's objection (Doc. 166) and **DECLINES** to tax costs in this case.

**DATED:  June 17, 2013**
**SO ORDERED.**

                                                s/J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**